**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2024-21

BEOM HYO LEE,

    Plaintiff-Appellant,

v.

BRUCE R. LAWRENCE,

    Defendant-Respondent.

_____

Argued October 23, 2023 – Decided December 26, 2024

Before Judges Gilson, DeAlmeida and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-5224-18.

David M. Wasserman argued the cause for appellant (Andrew Park, PC, attorneys; David M. Wasserman, on the brief).

Jeanne O. Marino argued the cause for respondent (Harwood Lloyd, LLC, attorneys; David T. Robertson, of counsel and on the brief; Paul E. Kiel, on the brief).

The opinion of the court was delivered by

DeALMEIDA, J.A.D.

Plaintiff Beom Hyo Lee appeals from three orders of the Law Division in this personal injury action arising from a motor vehicle accident: (1) a May 14, 2021 order barring plaintiff from recovering damages or introducing evidence relating to injuries to his neck and back, or the aggravation of the preexisting condition of his neck and back as a result of the accident; (2) a May 28, 2021 order barring plaintiff from recovering damages relating to possible future medical treatment; and (3) a January 28, 2022 order denying plaintiff's motion to adjourn the fourth trial date and dismissing his complaint with prejudice for failure to produce an expert witness. We affirm the January 28, 2022 order, which obviates the need to address plaintiff's appeal of the other two orders.

I.

On July 18, 2018, plaintiff filed a complaint in the Law Division, alleging he suffered physical injuries in a February 23, 2018 motor vehicle accident caused by defendant Bruce R. Lawrence's negligent operation of his vehicle. During discovery, plaintiff claimed he suffered a left knee meniscal tear, left shoulder labral tear, right shoulder labral tear, and the aggravation of preexisting injuries to his cervical and lumbar spines.

2                                                                    A-2024-21

Although plaintiff had insurance coverage at the time of the accident, he claimed to have outstanding medical bills of $181,084 and $5,500 for procedures performed on his lumbar spine on October 19, 2018, and November 15, 2018.

The matter was originally scheduled for trial on March 9, 2020. On March 6, 2020, plaintiff's counsel informed the court he was representing a party in an ongoing jury trial that would continue on March 9, 2020. He requested that the trial in this matter be marked "subject to" the ongoing jury trial. The record does not contain a response to counsel's request. However, the court subsequently adjourned the trial date numerous times due to the closure of the courthouse during the COVID-19 pandemic.

After the close of discovery, on April 16, 2021, defendant moved for partial summary judgment, seeking an order precluding plaintiff from: (1) establishing that his injuries surmounted the lawsuit verbal threshold established in N.J.S.A. 39:6A-8(a) based on any injury to his neck and back or the aggravation of the preexisting condition of his neck and back; and (2) recovering damages for, or introducing any evidence about, any injury to his neck and back, or the aggravation of the preexisting condition of his neck and back.

In support of the motion, defendant argued that prior to the February 23, 2018 accident, plaintiff was involved in three other accidents in which he

suffered injuries to his neck and back. The prior accidents took place in 2012 and 2014. Defendant argued that other than a statement in the report of plaintiff's expert, Dr. Thomas Scilaris, comparing an MRI of plaintiff's lumbar spine performed on October 28, 2014, with an MRI of his lumbar spine performed on May 7, 2018, plaintiff produced no expert report comparing his medical condition before the accident with his medical condition after the accident or attributing the aggravation of the current condition of his neck and back to the accident.

On May 14, 2021, the trial court issued an oral decision granting defendant's motion. The court found that Dr. Scilaris's report did not contain a discussion of the condition of plaintiff's neck and back in 2014. Nor did Dr. Scilaris produce a comparative analysis of the condition of plaintiff's neck and back in 2014 with the condition of his neck and back after the accident. That analysis, the court reasoned, is necessary to identify an aggravation in the condition of plaintiff's neck and back and to attribute that aggravated condition to the accident. As a result, the court concluded plaintiff cannot prove he is entitled to damages for injuries to his neck and back, or the aggravation of the preexisting condition of his neck and back. A May 14, 2021 order memorializes the trial court's decision.

4

On May 12, 2021, defendant moved for an order precluding plaintiff from recovering damages relating to possible future medical treatment and introducing any evidence relating to the possibility that plaintiff will undergo future medical treatment. In support of the motion, defendant relied on the following passage in Dr. Scilaris's report: "Additional treatment in the form of additional diagnostic studies, injections, and possible additional surgery may be necessary to the above-mentioned body sites if [plaintiff's] symptoms persist or worsen." Defendant argued the physician did not opine that plaintiff's need for future medical treatment was reasonably probable. Thus, defendant argued, plaintiff cannot establish his entitlement to damages for the cost of future medical treatment.

On May 28, 2021, the trial court issued an oral opinion granting the motion. The court found Dr. Scilaris's report did not contain an opinion that plaintiff's need for future medical treatment was reasonably probable. The court concluded that "the only proofs in the record are that he might possibly need surgery, and that is not enough to go forward on that issue of proof to the jury." A May 28, 2021 order memorializes the trial court's decision.

Ultimately, the matter was scheduled for a virtual trial on July 12, 2021. The virtual trial was rescheduled first to September 13, 2021, and later to

January 10, 2022. The reasons for those adjournments are established in the record.

On January 5, 2022, plaintiff's counsel wrote to the court seeking an adjournment of the January 10, 2022 trial date. He stated:

> I learned late yesterday that the [p]laintiff's expert, Thomas Scilaris, MD, is not available for live or video testimony during the week of January 10. The [p]laintiff requires an adjournment in order to allow for me to arrange for videotaped testimony of Dr. Scilaris.

Plaintiff's counsel also stated that defendant's counsel's spouse experienced a sudden medical emergency requiring counsel to provide at-home care to his spouse during the week of January 10, 2022. He informed the court that the parties "have agreed on a new trial date of January 31, 2022" and asked the court to adjourn the trial to that date. The trial court granted the adjournment and scheduled the matter for trial on January 31, 2022.

On January 25, 2022, plaintiff's counsel wrote to the court. He stated:

> I learned late yesterday that the [p]laintiff's expert, Thomas Scilaris, MD, is not available for live or video testimony during this week and the week of January 31. I have now been told that Dr. Scilaris has surgeries and patient appointments scheduled this week, and a vacation scheduled for next week. The [p]laintiff requires an adjournment in order to allow for me to arrange for videotaped testimony of Dr. Scilaris.

6

When I requested an adjournment of the prior trial date on January 5, I had been told by Dr. Scilaris's office that he was available on January 31 and at other times during the week of January 31. Evidentially, his schedule changed in between January 5 and January 24, and this trial date was overlooked by his office.

I have spoken to the [d]efendant's attorney, and he consents to the adjournment request. I am currently awaiting dates when Dr. Scilaris will next be available.

On January 27, 2022, the trial court issued an oral decision denying plaintiff's adjournment request and dismissing his complaint with prejudice. The court found that January 31, 2022 was the fourth trial date scheduled in a matter that had then been pending for almost four years. Thus, the court did not consider the March 9, 2020 trial date or the subsequent trial dates scheduled during the early phases of the COVID-19 pandemic in its analysis.

The court also found that adjournment of the third trial date was predicated on plaintiff videotaping Dr. Scilaris's testimony for use at the January 31, 2022 trial. The court found that plaintiff failed to satisfy that condition and it was unreasonable for plaintiff's counsel to wait nineteen days from his January 5, 2022 adjournment request until a week before the trial date to contact the expert to schedule the videotaped testimony. Citing the need to maintain certainty in its trial schedule and the length of time the complaint had been pending, the court concluded plaintiff's request for an adjournment of the

7

January 31, 2022 trial date was not warranted. Because plaintiff informed the court that his expert would not be available for the January 31, 2022 trial, the court found plaintiff would be unable to establish damages, requiring dismissal of his complaint with prejudice. A January 28, 2022 order memorializes the trial court's decision.

This appeal followed. Plaintiff argues the trial court: (1) abused its discretion when it denied his request for an adjournment of the January 31, 2022 trial and dismissed the complaint with prejudice; (2) erred when it granted partial summary judgment in favor of defendant with respect to plaintiff's claim for damages relating to the injury to his neck and back and the aggravation of the preexisting condition of his neck and back; and (3) erred when it precluded plaintiff's claim for damages relating to future medical expenses.

## II.

We begin with plaintiff's appeal of the January 28, 2022 order. We review a trial court's denial of an adjournment request for an abuse of discretion. See Kosmowski v. Atlantic City Med. Ctr., 175 N.J. 568, 574-76 (2003). In deciding whether to grant a request for an adjournment, a court is expected to engage in a "balancing process informed by an intensely fact-sensitive inquiry" and to consider

> the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; . . . whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case; and other relevant factors which may appear in the context of any particular case.
>
> [State v. Hayes, 205 N.J. 522, 538 (2011) (quoting United States v. Burton, 584 F.2d 485, 490-91 (D.C. Cir. 1978)).]

"Calendars must be controlled by the court, not unilaterally by [counsel], if civil cases are to be processed in an orderly and expeditious manner." Vargas v. Camilo, 354 N.J. Super. 422, 431 (App. Div. 2002). We will reverse an order denying an adjournment only if the trial court's abuse of discretion caused a party a "manifest wrong or injury." Hayes, 205 N.J. at 537 (quoting State v. Doro, 103 N.J.L. 88, 93 (E. & A. 1926)).

Our review of the record does not reveal an abuse of the trial court's discretion when it denied plaintiff's request to adjourn the fourth trial date. In his January 5, 2022 request to adjourn the third trial date, plaintiff's counsel stated that plaintiff's expert was not available to testify on January 10, 2022,

and, as a result of that unavailability, an adjournment was needed to permit plaintiff to videotape the expert's testimony. That request was in accord with Rule 4:36-3(c), which provides:

> Adjournments, Expert Unavailability. If the reason stated for a prior request for an adjournment was the unavailability of an expert witness, no further adjournment request based on that expert's unavailability shall be granted, except upon a showing of exceptional circumstances, but rather that expert shall be required to appear in person or by videotaped testimony taken pursuant to R. 4:14-9 or, provided all parties consent, the expert's de bene esse deposition shall be read to the jury in lieu of the expert's appearance. If appropriate, given the circumstances of the particular case, the court may order that no further adjournments will be granted for the failure of any expert to appear.

In his adjournment request, plaintiff's counsel recognized the need to videotape the expert's testimony, given that no further adjournment request based on the expert's unavailability would be granted absent extraordinary circumstances and that live or videotaped testimony of the expert would be required to proceed on January 31, 2022. Plaintiff's counsel waited nineteen days after he submitted the adjournment request to contact the expert just one week before the January 31, 2022 trial to schedule his videotaped testimony. At that time, the expert informed plaintiff's counsel that he was not available that week because he had scheduled surgeries and patient appointments.

A-2024-21

Plaintiff's counsel offers no explanation for his delay in contacting the expert to schedule the videotaped testimony. Nor does he state whether the expert was available during the nineteen-day period for videotaped testimony. In his January 25, 2022 letter, plaintiff's counsel states that at the time he submitted the January 5, 2022 adjournment request, he was informed the expert would be available the week of January 31, 2022. The January 5, 2022 letter, however, states that an adjournment was necessary to videotape the expert's testimony, which would obviate the need for the expert to appear on January 31, 2022.

Because the expert's professional schedule during the week of January 24, 2022, precluded his videotaped testimony, as of January 24, 2022, plaintiff's only option under Rule 4:36-3(c) was to produce his expert to testify on January 31, 2022. That avenue was not available to plaintiff because his expert had scheduled a vacation for that week.[1]

While it is not disputed that the COVID-19 pandemic was the cause of more than a year-long delay in the scheduling of this matter for trial, as of July

---

[1] Although not raised by plaintiff, we note that the expert's professional schedule and vacation plans do not constitute extraordinary circumstances excusing plaintiff's failure to videotape the expert's testimony prior to January 31, 2022.

A-2024-21

2021, a trial date had been set. That date was adjourned twice to January 10, 2022. Although the reasons for those adjournments are not clear, the record establishes that by January 10, 2022, the parties and the court were ready to proceed to trial on a matter that was filed three-and-a-half years earlier. Plaintiff was unable to produce his expert for the January 10, 2022 trial. His request for an adjournment of the third trial date was predicated on his stated intention to videotape the expert's testimony prior to the fourth trial date of January 31, 2022. Plaintiff failed to arrange for the videotaped testimony in a timely manner. We cannot on the record before us conclude that the trial court mistakenly exercised its discretion when it denied plaintiff's adjournment request. Plaintiff does not argue it was error for the trial court to conclude plaintiff would be unable to prove his claim for damages in the absence of expert testimony.

The January 28, 2022 order is affirmed. Because we affirm the dismissal of plaintiff's complaint with prejudice, we need not address plaintiff's appeal of the May 14, 2021, and May 28, 2021 orders.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2024-21

12